BILL PYLE V. THE STATE.

No. 23326. Delivered April 10, 1946.

The opinion states the case.

*John A. Pope, Jr.,* and *Oscar T. Vale,* both of Rio Grande City, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of theft of property over the value of $50.00, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The indictment contains two counts, in the first of which he was charged with the daytime burglary of the residence of William Larkins, and in the second, with the theft of five $20.00 bills.

There are no bills of exception nor any objections to the court's charge. Appellant's only contention is that the evidence is insufficient to sustain his conviction. The State's evidence, briefly stated, shows that on the morning of July 10, 1945, Mrs. William Larkins had been to a drug store in Rio Grande City; that after she returned home she laid down to rest and went to sleep; that she was suddenly aroused by a noise, and when she opened her eyes she noticed appellant leaving her apartment. She immediately arose, looked in her dresser drawer to ascertain whether or not her money was still there. An examination thereof revealed the fact that five $20.00 bills were missing. She went immediately in search of appellant, and when she found him she accused him of taking her money. She told him that if the money was in the bank by 2:00 P. M., she would not say anything about it to her husband, to which he replied, "I will bring you the money back to this restaurant by one o'clock (meaning the Starr Restaurant). However, he failed to do so. When Mr. Larkins returned to his home, his wife informed him of what had happened. Later, appellant came to the home of Mr. Larkins and said to him, "I guess I have done something wrong; I guess you ought to hit me right here (pointing to his chin)." Mr. Larkins then asked him why he did it, to which he replied, "I do not know; I will pay you back." He said that he did not have the money but would go and borrow it. However, he never returned the money.

Appellant did not testify or offer any excuse or affirmative defense. However, his wife testified that he was drunk most

of the time; that he was intoxicated on the day in question; that he did not give her any money; that after he was placed in jail she went there and had him endorse his pay check so that she could get enough money to go to Wichita, Kansas, to see her people.

We are of the opinion that the evidence is sufficient to sustain the conviction. Mrs. Larkins saw him leave her home and immediately thereafter she missed $100.00, which she had in her dresser drawer; that when she found him, he told her that he would pay her back, which was an admission that he had taken the money. Again, he told Mr. Larkins he guessed he did wrong and that Mr. Larkins ought to hit him on the chin; that he did not have the money then but would borrow it and pay him back, all of which tended to show his guilty connection with the theft of the money.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.